WINKLER, Respondent, vs. O'DONOVAN, Appellant.

*March 16—April 5, 1910.*

*Counterclaim in tort action: Requisites: Oral demurrer.*

In a tort action a counterclaim must arise out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or be connected with the subject of the action; and as against an oral demurrer this connection must appear from the counterclaim itself or from it and the complaint taken together, and cannot be shown by extrinsic evidence which has been offered by plaintiff in support of his case.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

*James Murray,* for the appellant, cited *Pelton v. Powell,* 96 Wis. 473, 71 N. W. 887; *Vilas v. Mason,* 25 Wis. 310; *McArthur v. Green Bay & M. C.' Co.* 34 Wis. 139; *Gilbert v. Loberg,* 86 Wis. 661, 57 N. W. 982; *Collins v. Morrison,* 91 Wis. 324, 64 N. W. 1000; *Ainsworth v. Bowen,* 9 Wis. 348, and other cases.

For the respondent the cause was submitted on the brief of *C. E. Hooker.* He cited *Wood v. Noack,* 84 Wis. 398, 54 N. W. 785; *Scheunert v. Kaehler,* 23 Wis. 523; *Rowlands v. Voechting,* 115 Wis. 352, 91 N. W. 990.

TIMLIN, J.    The plaintiff brought an action against the defendant, averring that plaintiff was the owner of an undivided one-half interest in seven acres of corn in the shock and four acres of corn in winrows, situate on the farm of defendant, and that defendant owned the other half interest; that plaintiff demanded that defendant divide the corn and deliver to the plaintiff one half of the same, which demand was refused; and that the defendant unlawfully, wilfully, and maliciously took, carried away, and converted to his own use said property. In addition to a general denial the answer contained a counterclaim which set up the execution by plaintiff and defendant of a written agreement or lease, a

copy of which was attached to the counterclaim, and averred certain breaches by the plaintiff of the covenants of said lease. It was not averred that the plaintiff claimed title to the corn in question under said lease or that said lease was in any way related to the demand of the plaintiff as pleaded by the latter. After appeal to the circuit court the cause was tried. The plaintiff put in evidence of his title to the corn, which evidence showed that he claimed it under this lease. The plaintiff having rested, the defendant offered evidence under his counterclaim, which upon objection by the plaintiff was rejected.

It is sufficient to say that the counterclaim did not on its face show that it arose out of the contract or transactions set forth in the complaint or that it was connected with the subject of plaintiff's action. Sec. 2656, Stats. (1898). This connection, necessary where the plaintiff's action is not upon contract, cannot upon oral demurrer to the counterclaim be supplied by extrinsic evidence, but it must appear on the face of the counterclaim, or from the complaint and counterclaim taken together.

*By the Court.*—Judgment affirmed.